UNITED STATES DISTRICT COURT
Western District of Texas – Austin Division

| | | |
|---|---|---|
| HASAN KILIC, | § § | |
| PLAINTIFF | § § | CASE NUMBER: 1:25-cv-01353 |
| VS. | § § | |
| VELOCITY INVESTMENTS, LLC, | § § | |
| & | § § | DEMAND FOR JURY TRIAL |
| JAVITCH BLOCK, LLC | § § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Preliminary Statement

1.      Plaintiff, HASAN KILIC, hereinafter referred to as Kilic or Plaintiff, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Texas Debt Collection Act, Texas Finance Code § 392, *et seq.* ("TDCA"), and the Deceptive Trade Practices Consumer Protection Act, Texas Business and Commerce Code Chapter 17, Subchapter E, *et seq.* (DTPA), to obtain statutory damages, actual damages, and other relief for the Defendant's violations of the FDCPA, TDCA, and DTPA.

2.      Defendant, VELOCITY INVESTMENTS, LLC, hereinafter referred to as Velocity, is a third-party debt buyer who acquired an account from original creditor Barclays Bank Delaware ("Barclays"), in an attempt to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Barclays. The alleged Debt required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the

1

subject thereof and the same were primarily for personal, family, or household purposes. Velocity can be served by and through their registered agent: Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

3. Defendant JAVITCH BLOCK, LLC, hereinafter referred to as Javitch, is a law firm who represents third-party debt buyers who acquire accounts from original creditors in attempts to collect consumer debts. Javitch can be served by and through their registered agent: Registered Agent Solutions, Inc., Corporate Center One, 5301 Southwest Parkway, Suite 400, Austin, TX 78735.

## JURISDICTION AND VENUE

4. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, the Texas Debt Collection Act ("TDCA"), Texas Finance Code § 392, *et. seq.*, and the Deceptive Trade Practices Consumer Protection Act ("DTPA"), Texas Business and Commerce Code Chapter 17, *et seq.*, against Defendants for engaging in unfair or deceptive acts or practices in violation of the FDCPA, TDCA, and DTPA.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1367.

6. Venue is proper in the United States District Court for the Western District of Texas because the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact business here.

## DEFINITIONS

7. As used in reference to the FDCPA, the terms "communication", "consumer", "creditor", "debt", and "debt collector" are defined in 15 U.S.C. § 1692a.

8. As used in reference to the TDCA, the terms "consumer", "consumer debt", "creditor", "debt collection", and "debt collector", and "third-party debt collector" are defined in Texas Finance Code § 392.001.

## THE PARTIES

9. Defendant Velocity is a third-party debt collection agency, a for-profit corporation believed to be headquartered in the state of New Jersey and is in the business of collecting consumer debt in the Western District of Texas. The principal purpose of Defendant's business is the collection of consumer debts using the mails and telephone. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Texas Finance Code § 392.001(6). Defendant is a "third-party debt collector" as defined by Texas Finance Code § 392.001(7).

10. Defendant Javitch is a law firm engaged in the legal representation of third-party debt collection agencies, a for-profit corporation believed to be headquartered in the state of Ohio. Defendant's principal business is the collection of consumer debts using the mails and telephone, and they regularly attempt to collect consumer debts for others. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Texas Finance Code § 392.001(6). Defendant is a "third-party debt collector" as defined by Texas Finance Code § 392.001(7)

11. Plaintiff is a natural person who resides in Travis County, Texas, in the Western District of Texas, and is a consumer as defined by 15 U.S.C. § 1692a(3) and Texas Finance Code § 392.001(1).

## FACTUAL ALLEGATIONS

12. On March 1, 2023, Javitch, representing Velocity, filed suit against Kilic in Travis County Justice of the Peace Precinct 1 ("Court"), under Cause No. J1-CV-23-000843. Said suit was styled *Velocity Investments, LLC vs. Hasan Kilic* ("Case").

13. Subsequently, Plaintiff retained the services of Ciment Law Firm, PLLC ("Ciment") to defend him in the Case.

14. Plaintiff answered the lawsuit by and through his attorney, Ciment.

15. As they had frequently done in the past, representatives for Javitch and Ciment came to an agreement on the terms of a settlement. The terms of the settlement were for a Mutual Release ("MR").

16. The mutual release agreement stated that "Promptly upon Velocity Investments, LLC's receipt of this fully executed release, Velocity Investments, LLC shall have the Action dismissed with prejudice." The "Action" was previously defined in the agreement as "a lawsuit against the Consumer in the TRAVIS COUNTY JUSTICE OF THE PEACE 1-1 of the County of TRAVIS, state of Texas, styled "Velocity Investments, LLC vs. Hasan Kilic Case No.J1-CV-23-000843"."

17. The agreement was sent from an attorney for Javitch to Ciment for execution in October 2024.

18. On October 21, 2024, an attorney for Javitch sent an email to Ciment stating "Following up on the release signed by your client."

19. On October 28, 2024, the agreement was signed by Kilic.

20. On October 29, 2024, Ciment responded to Javitch's email stating "Please see attached release signed by our client" with the signed agreement attached.

21. On December 30, 2024, Ciment emailed Javitch stating "We have sent this to your office back in October but we noticed that the case is still active in court. For your handling, please."

22. On the same day, Javitch responded with a request for a slight, non-substantive revision of the agreement that did not materially affect the terms thereof, stating "I'd like to edit that and get it re-executed. Then we can get it dismissed with prejudice. Are you all in agreement there?"

23. On January 2, 2025, Ciment responded by stating that "We agree. We will have the revised agreement re-executed as soon as we receive it." Javitch did not respond.

24. On February 21, 2025, Ciment received a Notice of Hearing from the Court, for Trial, to be heard on March 4, 2025, at 10:30 AM.

25. On March 3, 2025, Ciment again emailed Javitch, asking "I wanted to follow up on the MR. I wanted to confirm and see that it has been filed with the court." Javitch did not respond.

26. On the same day, Ciment called the Court and was informed that there was no dismissal filed on the Case and that counsel would be required to attend the hearing.

27. On March 4, 2025, at 8:46 AM, Ciment again emailed Javitch, stating "I wanted to follow up with this case. Please let me know if anything else is needed from our end." Javitch did not respond.

28. On the same day, Ciment engaged appearance counsel at significant expense, to attend the hearing, who filed a Motion for Continuance. The Court granted the motion.

29. On August 5, 2025, a trial hearing was held by the Court.

30. Having not become aware of the hearing in a timely manner due to a clerical error, Kilic, by and through his attorney Ciment, did not attend the hearing.

31. Upon information and belief, Javitch did attend the hearing.

32. Instead of informing the court of the previously agreed upon mutual release and their commitment to filing a dismissal, Javitch announced ready for trial and proceeded to present their case.

33. As a result, a default judgment was entered against Kilic in the amount of $6,950.76 with 7.5% interest per annum from the date of the judgment.

34. On August 20, 2025, at additional expense and filing fees, Ciment filed a Motion for New Trial with the Court to maintain the Court's plenary power over the case.

35. This chain of events – the issuance of a default judgment after a mutual release agreement had been signed – has degraded the attorney/client relationship between Ciment and Kilic, to both parties frustration and detriment.

36. The foregoing acts and omissions of the Defendant were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

37. As a proximate result of the foregoing acts and omissions of the Defendant, Defendant's conduct caused Plaintiff to suffer actual concrete damages and injury, including but not limited to, emotional distress such as stress, anxiety, humiliation, annoyance, and mental anguish, for which Plaintiff should be compensated in an amount to be proven at trial.

38. All of Defendant's actions occurred within one year of the date of this Complaint.

39. The actions taken by Defendant in their collection attempts are to be interpreted under the "unsophisticated consumer" standard. See *Bartlett v. Heibl*, 128 F3d. 497, 500 (7th Cir. 1997); *Chauncey v. JDR*, 118 F.3d 516, 519 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); and *Gammon v. GC Services, LTD. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## LEGAL AUTHORITY AND GOVERNING STATUTES

### Fair Debt Collection Practices Act (FDCPA)

40. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, was enacted to eliminate abusive debt collection practices by debt collectors and to protect consumers against unfair, deceptive, and misleading practices in the collection of debts. Relevant provisions include, but are not limited to:

   a. 15 U.S.C. § 1692e(2)(A) – prohibiting the false representation of the character, amount, or legal status of any debt;

   b. 15 U.S.C. § 1692e(10) – prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt; and

   c. 15 U.S.C. § 1692f – prohibiting unfair or unconscionable means to collect a debt.

### Texas Debt Collection Act (TDCA)

41. The Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392, *et seq.*, prohibits the use of fraudulent, deceptive, or abusive practices in the collection of consumer debts. Relevant provisions include, but are not limited to:

    a. Tex. Fin. Code § 392.304(a)(8) – prohibiting misrepresentation of the character, extent, or amount of a consumer debt; and

    b. Tex. Fin. Code § 392.304(a)(19) – prohibiting the use of any other false representation or deceptive means to collect a debt.

42. Texas Financial Code § 392.404(a) states that "A violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter."

### Texas Deceptive Trade Practices Consumer Protection Act (DTPA)

43. The Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code § 17.41, *et seq.*, protects consumers from false, misleading, and deceptive business practices. Relevant provisions include, but are not limited to:

    a. Tex. Bus. & Com. Code § 17.46(b)(12) – prohibiting representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

### RESPONDEAT SUPERIOR LIABILITY

44. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as described herein, were committed within the time and space limits and within the sphere of their respective employment in their agency relationships with their principal, the Defendant.

45. The acts by Defendant and his agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

46. By committing these acts against Plaintiff, these agents of Defendant were motivated to benefit their principal, the Defendant.

47. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions made in violation of state and federal law by their collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiff.

## VIOLATIONS OF THE FDCPA

48. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

49. The Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. §§ 1692 e(2)(a) & 1692e(10) by using false or misleading representations in debt collection by communicating with Plaintiff and/or Plaintiff's Counsel in a deceptive manner. Specifically, Defendant either misrepresented

to opposing counsel that the debt was settled, or to the Court that they were ready for trial and obtaining a judgment.

50. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render them liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## VIOLATIONS OF THE TDCA

51. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

52. The Defendant's violations of the TDCA include, but are not limited to the following:

    a. Defendant violated Texas Finance Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding. Specifically, Defendant either misrepresented to opposing counsel that the debt was settled, or to the Court that they were ready for trial and obtaining a judgment.

    b. Defendant violated Texas Finance Code § 392.304(19) by using false or deceptive means to collect a debt. Specifically, Defendant either misrepresented to opposing counsel that the debt was settled, or to the Court that they were ready for trial and obtaining a judgment.

53. Under Texas Finance Code § 392.403, Defendant's violations render them liable to Plaintiff for actual damages sustained as a result of Defendant's actions, injunctive relief, reasonable attorney's fees and costs, and statutory damages for each violation.

## VIOLATIONS OF THE DTPA

54. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

55. The Defendant's violations of the DTPA include, but are not limited to the following:

    a. Defendant violated Tex. Bus. & Com. Code § 17.46(b)(12) by representing that Plaintiff's alleged agreement conferred or involved obligations and remedies which it did not have or involve, and which are prohibited by law. Specifically, Defendant either misrepresented to opposing counsel that the debt was settled, or to the Court that they were ready for trial and obtaining a judgment.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff Hasan Kilic, prays that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA.
2. Declare that Defendant's debt collection practices violated the TDCA.
3. Declare that Defendant's debt collection practices violated the DTPA.

4. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable attorney's fees, as provided by 15 U.S.C. § 1692k(a).

5. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, reasonable attorney's fees, and injunctive relief, as provided by Texas Finance Code § 392.403.

6. Enter judgment in favor of Plaintiff and against Defendant for actual damages, treble damages, injunctive relief, costs, and reasonable and necessary attorney's fees, as provided by Tex. Bus. & Com. Code § 17.50(b) and (d).

7. Grant such further relief as deemed just.

Respectfully submitted,

*/s/ Brian R. Roan*

Brian Roan
CIMENT LAW FIRM, PLLC
221 Bella Katy Drive
Katy, Texas 77494
833-663-3289, ext. 3001
Brian@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF

*/s/ Daniel J. Ciment*

Daniel Ciment
CIMENT LAW FIRM, PLLC
4500 Mercantile Plaza, Suite 300
Fort Worth, TX 76137
833-663-3289, ext. 1001
Daniel@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF

*/s/ Amy B. Clark*
_____

Amy Beth Clark
CIMENT LAW FIRM, PLLC
221 Bella Katy Drive
Katy, Texas 77494
833-663-3289, ext. 3009
Amy@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF